IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmy H. Causey, ) | |
| ) | Civil Action No. 4:13-581-TMC |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Michael McCall, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the court is petitioner Jimmy H. Causey's ("Causey") motion to reconsider the court's January 16, 2014, order denying his motion for extension of time to file objections to the magistrate judge's Report and Recommendation ("Report"). (ECF No. 76). The magistrate judge filed the Report on November 25, 2013, and notified Causey of his right to file objections. Subsequently, Causey moved for two extensions of time to object, which the court granted. Causey's third motion for extension, however, arrived eleven days after his time to object had run and without explanation for the untimeliness. Accordingly, the court denied that motion and ruled on the pending motion for summary judgment. (ECF No. 74). Now, Causey asserts that his motion for extension was delayed because of his inability to acquire necessary supplies and moves this court to reconsider its order and review his objections to the Report.

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for specific reasons. Fed. R. Civ. P. 60(b). Causey does not state which reason his motion relies on, but based on the circumstances, the court construes his motion as falling under either Rule 60(b)(1)'s "excusable neglect" standard or the 60(b)(6) catchall for "any other reason that justifies relief." Due to a strong interest in preserving judicial finality, courts generally

disfavor Rule 60(b) motions and reserve such relief for exceptional circumstances. *See, e.g., Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 201 (4th Cir. 1979).

The court does not believe that Causey has stated adequate grounds for excusable neglect. However, to ensure no other ground for relief exists, the court has reviewed and considered Causey's objections.

Each of Causey's objections merely restates, almost verbatim, arguments raised in his response to the respondent's motion for summary judgment. (*See* ECF Nos. 76-1, 51). The Report fully addresses each of these arguments and Causey does not specifically object to any portion of the Report's analysis. Thus, had the court considered Causey's objections prior to ruling on the Report, it would have found them unpersuasive. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *United States v. One Parcel of Real Property*, 73 F.3d 1057 (10th Cir. 1996) (stating that failure to file specific objections to the magistrate's report bars appellate review); *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997) ("A litigant who objects only in vague or general terms to the magistrate judge's recommendation, thereby preventing the district court from focusing on specific issues for review, renders the initial reference to the magistrate judge useless and frustrates the purposes of the Magistrates Act. Such objections do not constitute an 'objection' under 28 U.S.C. § 636(b)(1)".).

Accordingly, after a full review of the record, the court finds no reason to overturn its previous order and, thus, **DENIES** Causey's Motion for Reconsideration. (Dkt. No. 76).

Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 30, 2014